IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**IN RE:**

LAKES SUPER MARKET, INC.,          CASE NO.  14-90309
                                   Chapter 11
                                   Hon. Scott W. Dales
        Debtor.
_____/
DANE P. BAYS (71208)
Attorney for Debtor
_____


**SECOND AMENDED PLAN OF REORGANIZATION**

   **NOW COMES** the Debtor, LAKES SUPER MARKET, INC., by and through its attorney, Dane P. Bays, and hereby proposes the following as its First Amended Plan of Reorganization.

DEFINITIONS

   1.   DEBTOR shall mean LAKES SUPER MARKET, INC.

   2.   CREDITORS shall mean all the creditors of the Debtor holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

    3.   SECURED CREDITORS shall mean all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

   4.   PLAN shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

   5.   COURT shall mean the United States Bankruptcy Court for

1

the Western District of Michigan, Northern Division, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

    6.   CLAIM shall mean a duly listed or timely filed claim which is allowed and ordered paid by the Court.

    7.   CONFIRMATION shall mean the entry by this Court of an order confirming the Plan in accordance with Chapter 11 of the Bankruptcy Code.

    8.   EFFECTIVE DATE shall be that date on which the order confirming the Plan becomes final and non-appealable.

    9.   CONSUMMATION shall mean the accomplishment of all things contained or provided for in this Plan and the entry of an order of consummation finally dismissing this case.

<u>ARTICLE-I</u>

<u>CLASSIFICATION OF CLAIMS</u>

    1.1.   Class I - There are no claims against the Debtor of the type defined in 11 U.S.C. §§ 507(a)(1) through 507(a)(6). However, the Class I creditors shall consist of any administrative expenses which remain unpaid at the time of confirmation of this Plan as the same are allowed and ordered paid by the Court.

    1.2.   Class II - the secured claim of Superior National Bank & Trust Company (hereinafter "SNB"), in the approximate amount of $3,915,512, which is secured by the personal property of the Debtor, including the SDD-Resort and SDM liquor licenses, located

in Calumet, Michigan, as the same is allowed and ordered paid by the Court.

    1.3. Class III - the $1,346,914 secured portion of the $1,757,425 claim of Great Lakes Foods, LLC (hereinafter "GLF"), which is secured by a mortgage with regards to the commercial real estate of the Debtor located in Lake Linden, Michigan, currently valued at $5,000, as well as the personal property of the Debtor located in Lake Linden, as the same is allowed and ordered paid by the Court.

    1.4.  Class IV - the Priority Claim of the United States of America, Internal Revenue Service, in the approximate amount of $77,954.83, as the same is allowed by the Court.

    1.5.  Class V - the Priority Claim of the State of Michigan, Department of Treasury, in the approximate amount of $26,953.38, as the same is allowed by the Court.

    1.6.  Class VI - the Priority Claim of the State of Michigan, Unemployment Agency, in the approximate amount of $12,148.42, as the same is allowed by the Court.

    1.7.  Class VII - the unsecured portion of the claim of GLF, in the approximate amount of $410,511, as the same is allowed and ordered paid by the Court.

    1.8.  Class VIII - the unsecured claims of the remaining creditors of the Debtor, excluding those in Classes I, II, III, IV, V, VI, and VII, and also excluding the insider claims of Quality

Hardware of Lake Linden, Tre Fratelli, LLC, and Louis J. Meneguzzo, in the approximate total amount of $1,015,858, as the same is allowed by the Court.

1.9.  Class IX - the claims of the Sole Shareholders of the Debtor by virtue of their interest in the Debtor business, specifically Louis J. Meneguzzo (85%), Jason Meneguzzo (5%), Nick Meneguzzo (5%), and Greg Meneguzzo (5%).

## ARTICLE II

### PROVISIONS FOR PRIORITY CLAIMS

2.1.  The Class IV priority creditor consists of the United States of America, Internal Revenue Service, in the approximate amount of $77,954.83.  This creditor shall be paid a 100% dividend, with interest at the statutory rate, payable within five (5) years of the date of the filing of the voluntary petition, at a rate of approximately $1,768.88 per month.  Upon failure of the debtor to make any payment due on a tax claim of the IRS, or failure to file the necessary tax returns and make adequate federal tax deposits, which are not cured within thirty (30) days of the mailing of a written notice by the IRS, the IRS may exercise all rights and remedies available under non-bankruptcy laws for the collection of its entire claim and/or seek appropriate relief from this Court.

In the event this case converts to a Chapter 7 proceeding, all property of the debtor; debtor-in-possession; or reorganized debtor, which will revest upon Confirmation of the Plan of

Reorganization and all of the debtor's after acquired property shall be property of the Chapter 7 trustee.

    2.2. The Class V priority creditor consists of the State of Michigan, Department of Treasury, in the approximate amount of $26,953.38. This creditor shall be paid a 100% dividend, with interest at a rate of 4.25%, payable over 4 years, at a rate of $611.60 per month. If the Debtor fails to make a payment to the Michigan Department of Treasury as required under the confirmed Plan and if the debtor's failure to make a payment is not cured within 30 days of a notice of default, Treasury may exercise, without further leave of the Bankruptcy Court, all rights and remedies available under non-bankruptcy law to collect its entire claims and/or to seek appropriate relief from the Bankruptcy Court.

    2.3. The Class VI priority creditor consists of the State of Michigan, Unemployment Agency, in the approximate amount of $12,148.42. This creditor shall be paid a 100% dividend, with interest at a rate of 4.25%, payable over 4 years, at a rate of $275.66 per month. If the Debtor fails to make a payment to the Michigan Department of Treasury as required under the confirmed Plan and if the debtor's failure to make a payment is not cured within 30 days of a notice of default, Treasury may exercise, without further leave of the Bankruptcy Court, all rights and remedies available under non-bankruptcy law to collect its entire claims and/or to seek appropriate relief from the Bankruptcy Court.

ARTICLE III

CLAIMS NOT IMPAIRED UNDER THE PLAN

3.1.  The Class I creditors consist of any administrative expense claims that remain unpaid on the date of confirmation of this Plan.  As stated in paragraph 1.1. of Article I of this Plan, there are no unpaid administrative expense claims.  However, to the extent such claims do exist, said claims shall be paid in cash in an amount equal to the allowed amount of such claim upon the effective date of the Plan, pursuant to the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code.  There may be additional accrued Chapter 11 costs and U.S. Trustee's fees which must be paid upon confirmation of this Plan and additional U.S. Trustee's fees that will be incurred until the Court enters a Final Decree and the case is closed.  The reorganized debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. Section 1930(a)(6). After confirmation, the reorganized debtor shall file with the Bankruptcy Court and the United States Trustee a quarterly post confirmation report, in the format specified by the U.S. Trustee, for each quarter that the case remains open. The United States Trustee quarterly fee shall be calculated on all disbursements made by the reorganized debtor, whether pursuant to the Plan or not, until the case is closed, converted to chapter 7 or dismissed. The Bankruptcy Court shall retain jurisdiction to decide any postconfirmation disputes concerning the United States

Trustee quarterly fees.

3.2. The Class II creditor consists of the secured claim of SNB, in the approximate amount of $3,915,512, which is secured by the personal property of the Debtor, including the SDD-Resort and SDM liquor licenses, located in Calumet. Upon confirmation Debtor shall surrender the personal property located in Calumet, including the SDD-Resort and SDM liquor licenses, to SNB which shall constitute payment in full and final satisfaction of this claim.

## ARTICLE IV

### TREATMENT OF CLASSES THAT ARE IMPAIRED UNDER THE PLAN

4.1. The Class III creditor consists of the secured portion of the $1,757,425 claim of GLF, in the approximate amount of $1,346,914, which is secured by a mortgage with regards to the commercial real estate of the Debtor located in Lake Linden, Michigan, currently valued at $5,000, as well as the personal property of the Debtor located in Lake Linden. Upon confirmation this indebtedness will continue to be serviced pursuant to the terms set forth in the agreements attached to and relating to the JOINT MOTION OF DEBTOR AND GREAT LAKES FOODS, LLC FOR ENTRY OF AN ORDER (I) GRANTING ADEQUATE PROTECTION, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS filed with and approved by the Court in the sister case of LJNG, LLC, case no. 14-90308, and/or the JOINT MOTION OF DEBTOR AND GREAT LAKES FOODS, LLC FOR ENTRY OF AN ORDER (I) GRANTING ADEQUATE PROTECTION, (II) AUTHORIZING DEBTOR TO OBTAIN

POST-PETITION FINANCING, AND (III) GRANTING LIENS AND SUPERPRIORITY CLAIMS as was filed with and approved by the Court in this case, and all said terms and conditions of any and all previously approved agreements between the Debtor or LJNG, LLC, and GLF shall be deemed binding as though set forth fully herein.

Finally, in the event this case gets converted to a case under Chapter 7 of the bankruptcy code, the above described liens and values will not be binding on a Chapter 7 Trustee.

4.2.  The Class VII creditor consists of the the unsecured portion of the claim of GLF, in the approximate amount of $410,511. Upon confirmation this indebtedness will continue to be serviced pursuant to the terms set forth in the agreements attached to and relating to the JOINT MOTION OF DEBTOR AND GREAT LAKES FOODS, LLC FOR ENTRY OF AN ORDER (I) GRANTING ADEQUATE PROTECTION, AND (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS filed with and approved by the Court in the sister case of LJNG, LLC, case no. 14-90308, and/or the JOINT MOTION OF DEBTOR AND GREAT LAKES FOODS, LLC FOR ENTRY OF AN ORDER (I) GRANTING ADEQUATE PROTECTION, (II) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING, AND (III) GRANTING LIENS AND SUPERPRIORITY CLAIMS as was filed with and approved by the Court in this case, and all said terms and conditions of any and all previously approved agreements between the Debtor or LJNG, LLC, and GLF shall be deemed binding as though set forth fully herein.

Finally, in the event this case gets converted to a case under Chapter 7 of the bankruptcy code, the above described liens and values will not be binding on a Chapter 7 Trustee.

4.3.  The Class VIII creditors consist of the unsecured claims of the remaining creditors of the Debtor, excluding those in Classes I, II, III, IV, V, VI, and VII, and also excluding the insider claims of the Quality Hardware of Lake Linden, Tre Fratelli, LLC, and Louis J. Meneguzzo, in the approximate total amount of $1,015,858.  These creditors shall receive a 5% distribution, with no interest, payable over 7 years, at a rate of $604.68 per month, and distributed annually.

4.4.  The Class IX creditors consist of the claims of the Shareholders of the Debtor by virtue of their interests in the Debtor business, specifically Louis Meneguzzo (85%), Jason Meneguzzo (5%), Nick Meneguzzo (5%), and Greg Meneguzzo (5%).  The Shareholders will receive no payments by virtue of this Plan of Reorganization and shall retain their interests in this corporation as the same appears on the books and records of the Debtor business.

## ARTICLE V

### EXECUTION AND IMPLEMENTATION OF THE PLAN

5.1.  The funds necessary for the satisfaction of all of the creditors' claims shall be generated from the ongoing operation of the Debtor.

9

5.2.   Notwithstanding any other provisions of this Plan of Reorganization, disputed claims shall be paid upon their allowance by the Court pursuant to the appropriate provisions of Article IV of this Plan.

5.3.   All disbursements under this Plan of Reorganization to all creditors, excepting those creditors set forth in Class VIII above, shall be made directly to the appropriate creditor by the Debtor.

5.4.   The Class VIII creditors shall receive an annual distribution from Debtor's Counsel's Trust account every January throughout the duration of this Plan of Reorganization.

5.5.   Upon confirmation, the Debtor shall be entitled to manage its affairs without further order of the Court except as provided for herein.

5.6.   Upon confirmation of this Plan, the property of the Debtor shall revest in the Debtor and the Debtor shall be entitled to conduct its business without further supervision of this Court. If this proceeding is subsequently converted to a proceeding under Chapter 7 of the bankruptcy code, the property of the Debtor shall then not be deemed to have revested in the Debtor and all of the Debtor's assets as of the date of said conversion shall become property of the Chapter 7 estate.

## ARTICLE VI

## MODIFICATION OF PLAN

6.1. The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation, with leave of the Court, upon notice to the parties in interest.

6.2. After confirmation of this Plan, the Debtor may, with approval of the Court, and so long as it does not materially or adversely effect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the order of confirmation, in such manner as may be necessary to carry out the purpose and effect of this Plan.

## ARTICLE VII

## COMPENSATION TO INSIDERS

7.1. Louis Meneguzzo shall continue to be paid salary in the amount of $1,700 bi-weekly, and Jason, Nick, and Greg Meneguzzo shall each continue to be paid salary in the amount of $880 bi-weekly.

## ARTICLE VIII

## GENERAL PROVISIONS

8.1. Until the case is closed, the Court shall retain jurisdiction to ensure that the purpose and intent of this Plan are carried out. The Court shall retain jurisdiction to hear and determine all claims against the Debtor and to enforce all causes of action which may exist on behalf of the Debtor.

8.2. Nothing herein contained shall prevent the reorganized Debtor from taking such action as may be necessary in the enforcement of any cause of action which may exist on behalf of the Debtor.

8.3. The creditors' committee appointed by order of this Court, if any, shall continue to meet and confer with the Debtor in regards to the implementation and execution of this Plan.

8.4. After the Plan is confirmed, the debtor will have the responsibility of complying with all the provisions of the confirmed Plan. If the debtor does not comply with the terms of the Plan, any aggrieved creditor who wishes to enforce its rights under the Plan must file a motion with the Bankruptcy Court for whatever relief is appropriate.

8.5. Pursuant to Bankruptcy Rule 3020(a), the Debtor shall deposit all funds necessary to be paid at the effective date of the Plan, including, but not limited to, the funds necessary to pay any and all administrative claims as of the date of confirmation, and shall provide the Court and the United States Trustee proof of such deposit.

DATED: August 17, 2015                By:/s/Dane P. Bays
                                         DANE P. BAYS (P71208)
                                         Attorney for Debtor
                                         708 Chippewa Square, Ste. 9
                                         Marquette, MI 49855
                                         906-228-6103

lakes plans/plan LSM amended 2nd